**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>*Plaintiff*,<br><br>v.<br><br>JOHN DOE, SUBSCRIBER ASSIGNED<br>IP ADDRESS 47.164.99.153,<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:26-CV-01611 (SVN)<br><br><br><br><br><br><br>October 13, 2026 |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

In this copyright infringement action, Plaintiff Strike 3 Holdings, LLC has filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. ECF No. 12. Plaintiff alleges copyright infringement by an unknown individual utilizing a known Internet Protocol ("IP") address. Because Plaintiff claims it cannot otherwise ascertain the individual's identity, Plaintiff seeks a court order granting it leave to serve a third-party subpoena on Frontier Communications (the "ISP"), the Internet Service Provider for the known IP address, prior to a conference between the parties as required by Federal Rule of Civil Procedure 26(f). Specifically, Plaintiff seeks to serve a subpoena commanding the ISP to provide to Plaintiff the name and address of the person assigned to the IP address 47.164.99.153.[1] The Court GRANTS Plaintiff's motion, subject to the limitations and protective order described below.

## I. LEGAL STANDARD

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides, in relevant part: "A party may not seek discovery from any source before the parties have conferred as required by Rule

[1] Plaintiff's motion does not specify that it will seek disclosure of the subscriber assigned to IP address 47.164.99.153 only at the specific dates and times on which the allegedly copyrighted files were distributed by the unknown Defendant. As discussed below, the Court orders that the subpoena be limited in this manner.

26(f), except . . . by court order." "When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a flexible standard of reasonableness and good cause.' *Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017) (internal quotation marks omitted) (quoting *Malibu Media*, LLC, 2016 WL 2894919, at *2).

The Second Circuit has adopted a five-part test for determining whether to grant a motion to quash a subpoena to preserve the objecting party's anonymity, which district courts in this Circuit have applied in determining whether good cause exists to grant a motion for expedited discovery to ascertain the identity of an unknown defendant. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (adopting test from *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)); *Strike 3 Holdings*, 2017 WL 5001474, at *2. The factors in the five-part test include:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records, LLC*, 604 F.3d at 119 (citation omitted). "If [a]pplication of these principal factors confirms that the Plaintiff is entitled to the requested subpoena, the motion for early discovery will be granted for good cause." *Strike 3 Holdings*, 2017 WL 5001474, at *2 (citation and quotation marks omitted).

Moreover, if the service provider against whom the plaintiff seeks to serve the subpoena qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), the Court generally must issue a protective order requiring the service provider to comport with cable operator disclosure laws. Specifically, 47 U.S.C. § 551(c) prohibits a cable operator from disclosing personally identifiable

information concerning any subscriber without consent. However, § 551(c)(2)(B) permits a cable operator to disclose such information "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" Accordingly, a court that grants a motion to serve a third-party subpoena on a qualifying service provider prior to a Rule 26(f) conference generally must also order the service provider to issue a notice to the subscriber informing the subscriber of the court's order and providing the subscriber an opportunity to contest the subpoena. *See, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242–43, 244 (S.D.N.Y. 2012).

**II. DISCUSSION**

Subject to certain limitations and the protective order described below, the Court grants Plaintiff's motion.

Given that this Court has considered numerous close-to-identical cases and motions brought by the Plaintiff, the Court cross-references and incorporates its analysis from those prior cases, in lieu of reprising the same analysis here. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-01646 (SVN), 2024 WL 473773, at *2–4 (D. Conn. Feb. 7, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-1650 (SVN), 2024 WL 525641, at *2–4 (D. Conn. Feb. 9, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 3:25-CV-323 (SVN), 2025 WL 896984, at *2–4 (D. Conn. Mar. 24, 2025); *Strike 3 Holdings, LLC v. Doe*, No. 3:25-CV-709 (SVN), 2025 WL 1445857, at *2–4 (D. Conn. May 20, 2025).

The analysis in those orders applies with equal force here. In sum, Plaintiff successfully articulates a *prima facie* case of copyright infringement because it has alleged that it owns the works at issue, and that they are registered with the United States Copyright Office; Plaintiff's discovery request is reasonably likely to lead to identifying information making service possible;

Plaintiff lacks alternative means to acquire the information; and ascertaining the identity and residence of Defendant is necessary to Plaintiff's pursuit of litigation; and Defendant has only a minimal expectation of privacy. To the extent that Defendant has a potential heightened privacy interest (due to possible misidentification), the Court's order provides the unknown Defendant an opportunity to raise any such issue with the Court. Lastly, the Court's order includes additional protections to ensure that the unnamed Defendant is not coerced into an unjust settlement.

Therefore, the factors forth in *Sony Music* and adopted by the Second Circuit in *Arista Records* support the existence of good cause to grant Plaintiff leave to serve a subpoena on Defendant's Internet Service Provider prior to the Rule 26(f) conference, subject to the conditions set forth below.

## III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 12, for the purpose of determining the identity of the alleged infringer, Defendant Doe. The Court further ORDERS as follows:

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the subscriber to whom the ISP assigned the IP address 47.164.99.153 on the dates and times set forth in the "UTC" column of Attachment A to the Complaint (ECF No. 1-1). Plaintiff shall attach to any such subpoena a copy of the complaint and this Order.
2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 511(c)(2)(B) by sending a copy of this Order to the Defendant.
4. The Court recognizes Defendant's potential heightened privacy interest given the mature nature of the allegedly infringed material, as well as the potential application of 47 U.S.C. § 551(c)(2)(B) (relating to Internet subscriber privacy). The Court also recognizes that Defendant John Doe may not necessarily be the person who allegedly infringed, given the possibility that users other than the subscriber have used the IP address in question. **Accordingly, within thirty days from the date of service of the Rule 45 subpoena on it, the Internet Service Provider must serve the following to any and all subscriber(s) associated with IP address 47.164.99.153 during the identified time periods.** The Internet Service Provider may serve such subscriber(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.
   a. A copy of the Complaint, this Order, and the subpoena; and
   b. Notice that the Internet Service Provider will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless, within thirty days of service of the subpoena on subscriber by the Internet Service Provider, the subscriber files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the Internet Service Provider shall not produce the subpoenaed information until the Court acts on the motion.
5. **Any subscriber served with the subpoena, Complaint, and Order shall have thirty days from the date of service upon him or her to file any motions with this Court**

**to contest the subpoena,** as well as a motion to request to litigate the subpoena anonymously. The Internet Service Provider *shall not* disclose the subscriber's identifying information to Plaintiff before expiration of this thirty-day period. If the subscriber contests the subpoena within this thirty-day period, he or she shall so notify the Internet Service Provider, which shall then not disclose the subscriber's identifying information to Plaintiff without further order of the Court. After resolution of any motion relating to the subpoena, the Court will instruct the Internet Service Provider when it may, if ever, disclose the requested discovery to Plaintiff. The Internet Service Provider shall preserve any subpoenaed information pending resolution of any timely-filed motion to quash.

6. If the subscriber does not contest the subpoena within thirty days after the date of service of the Rule 45 subpoena and this Order upon them, **the Internet Service Provider shall have ten days to disclose the information responsive to the subpoena to Plaintiff.**

7. If Plaintiff reaches a settlement with Defendant before it effects service of the Complaint on Defendant under Federal Rule of Civil Procedure 4, it shall file on the docket, under seal, the terms of any such settlement agreement. Should plaintiff choose to dismiss this case for reasons other than settlement, it shall file a statement so indicating and identifying those reasons on the docket, in conjunction with its notice of dismissal.

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its complaint.

**SO ORDERED** at Hartford, Connecticut, this 13th day of October, 2026.

*<u>/s/ Sarala V. Nagala</u>*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE